IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUS HANKINS,

        Plaintiff,

   v.                      CASE NO. 09-3249-SAC

JUDGE CLARK V. OWENS,

        Defendant.

**O R D E R**

Before the court is a pro se "Complaint" submitted for filing by a prisoner incarcerated in the Sedgwick County Jail, Wichita, Kansas. This pleading is deficient in several respects.

First, it is not submitted on court-approved forms. Plaintiff must submit his complaint or a habeas petition on forms approved by the court. D.Kan.Rule 9.1(a). Second, plaintiff has submitted a motion for leave to proceed without prepayment of fees but it is not on forms, and he does not provide the certified copy of his inmate account. A plaintiff in a civil action must submit a motion for leave to proceed in forma pauperis on a court approved form, D.Kan.Rule 9.1(g), that is supported by a certified accounting of plaintiff's inmate account for the six month period immediately preceding the filing of his complaint, 28 U.S.C. § 1915(a)(2).

Third, plaintiff appears to be asking this court to intervene in a pending state criminal case and to redress a state district court judge's refusal to allow him to file pro se pleadings in his pending criminal case where he has appointed counsel. The sole defendant is a state district court judge. Because plaintiff apparently seeks redress for alleged constitutional error in his

pending state criminal case, the court finds his allegations sound in habeas corpus rather than a civil rights action under 42 U.S.C. § 1983.

The court further finds that habeas corpus relief is barred by the abstention doctrine. Although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts must abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner, including appeal. Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir. 1993); see also Younger v. Harris, 401 U.S. 37 (1971). As explained in Younger, the abstention doctrine is based on notions of comity and federalism, which require federal courts to respect state functions and the independent operation of state legal systems. Younger, 401 U.S. at 44-45. The Younger doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims. Winnebago Tribe of Nebraska v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). All three requirements appear to be satisfied in the present case, and no exception to the abstention mandate is warranted on plaintiff's bare and conclusory claims of misconduct.

The court thus directs plaintiff to show cause why this action should not be construed as one seeking federal habeas corpus

relief[1], and why it should not be dismissed without prejudice pursuant to the Younger abstention doctrine. The failure to file a timely response may result in this action being dismissed without prejudice, without further prior notice to plaintiff.

**LETTER-MOTION**

The court has received several papers from plaintiff with a letter in which he appears to request that the letter and materials be filed as a motion and that the papers be sent "back to the Eighteenth Judical (sic) District Court Sedgwick County Kansas." The court directed the clerk to file these papers in this case as "Motion to Send Pro Se Motions to State Court." The papers appear to be documents that have previously been sent to the Sedgwick County Court and returned. This motion is denied. Plaintiff provides no authority or reason for this court to resend these materials to the state court. He is required to follow the directions of the state court in matters pending before that court. This court has no supervisory authority over the state district courts, and no authority to interfere with state court proceedings[2].

**IT IS THEREFORE ORDERED** that plaintiff is given twenty (20) days in which to submit his motion to proceed without prepayment of fees on forms, to include a copy of his inmate account for the requisite six-month period with his motion, and to show cause why

---

[1] Plaintiff is advised that if he were to proceed under 42 U.S.C. § 1983, even if he files a properly supported motion and is granted leave to proceed without prepayment of fees, he would be required to pay the full $350.00 district court filing fee through payments automatically deducted from his inmate account as funds become available. The fee for a habeas application is $5.00.

[2] To the extent plaintiff submits the materials and motion in an attempt to effect their filing in his state court action pursuant to a federal court's order, this court will issue no such order.

his "complaint" should not be construed as seeking pretrial habeas corpus relief under § 2241 and dismissed without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Send Pro Se Motions to State Court (Doc. 3) is denied.

The clerk is direct to provide plaintiff with court approved forms for filing a motion under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 23rd day of December, 2009 at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge